IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLIED AIRCRAFT HOLDINGS, INC., | § | |
| | § | |
| | § | |
| v. | § | A-06-CA-317 LY |
| | § | |
| RANDAL JACOBY, Individually, | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Randal Jacoby's Motion for Summary Judgment (Clerk's Doc. No. 15) filed December 29, 2006, and Defendant Randal Jacoby's Motion for Sanctions (Clerk's Doc. No. 14) filed December 29, 2006. Plaintiff has failed to file a response to either motion.

**I. PROCEDURAL BACKGROUND**

This cause of action followed from an Order dated April 26, 2006, severing claims against Randal Jacoby from the case styled *Allied Aircraft Holdings, Inc. et al v. Randal Jacoby, et al.*, No. A-05-CA-355-LY. In that case, Allied Aircraft Holdings, Inc., ("Allied"), as Successor in Interest to Global Aviation Associates, Inc., ("Global") and Mark Daniels ("Daniels") alleged various causes of action against Randal Jacoby ("Jacoby"), Michael Davis ("Davis") and Citizens Bank, N.A., ("Citizens") arising from a business transaction where Jacoby agreed to invest in two Hunter Hawk jet aircraft owned by Global Aviation. The facts of that case, which are identical to the facts in the instant case, were detailed in the Report and Recommendation authored by the undersigned and filed in that case on February 13, 2006. In that Report and Recommendation, the Court recommended that

the District Court dismiss the case in its entirety, with the exception of Allied's claim against Jacoby. In the Report and Recommendation, the Court noted that Jacoby had not in fact moved for summary judgment on this claim against him and thus it could not be dismissed. *See* Report and Recommendation at p. 27. The District Court adopted the Report and Recommendation and entered a Final Judgment dismissing all claims with the exception of the claim against Jacoby now before the Court. That claim was severed and given the above-referenced case number. Defendant Jacoby now moves for summary judgment on that claim.

## II. FACTS

In this severed case, Allied alleges a vague breach of contract claim against Jacoby arising from a business transaction where Jacoby agreed to invest in two Hunter Hawk jet aircraft owned by Global. In the Complaint underlying the original suit, Plaintiff asserts that from about April 8, 1999, to July 16, 1999, Jacoby and Michael Davis, president of Citizens Bank, N.A., a bank located in Abilene, Texas, had several telephone conversations with Mark Daniels, in his capacity as an officer and representative of Global Aviation, requesting that the two aircraft be used as collateral in a loan to Jacoby from Citizens Bank, N.A. Plaintiff asserts that based upon the representations of Jacoby and Davis, Daniels entered into an agreement with Jacoby to use the two aircraft as collateral for the loan to Jacoby. Plaintiff asserts that the Security Agreement, executed in July of 1999, specified that the aircraft could be used for collateral for a loan to be kept within Citizens Bank as a deposit only for creditworthiness purposes, and that the loan funds were not to leave the Citizens Bank deposit account. Plaintiff also alleges that the agreement limited the term of the lien on the planes to 90 days. At the end of that term, Jacoby was to repay the loan or replace the planes with substitute collateral, so the lien on the aircraft would be released by Citizens Bank. Plaintiff alleges

that Jacoby warranted that the collateral would not be risked or placed in jeopardy, and that he agreed to indemnify Daniels and Global Aviation.

Plaintiff alleges that beginning in April of 1999 and continuing until May 23, 2001, Davis and Citizens Bank represented to Daniels and Global Aviation that Jacoby had never defaulted on a loan and that any collateral used by Jacoby was secure and not subject to seizure. Plaintiffs also assert that on October 29, 1999, and on January 25, 2001, Jacoby represented to Daniels that he had substituted the collateral for the loan and that any liens on the planes held by Citizens Bank had been released.

On May 23, 2001, Citizens Bank filed suit against Jacoby in Tulsa, Oklahoma in the District Court of Tulsa County, case No. CJ200102840, *Citizens Bank, N.A. v. Randal Jacoby et al.* In that case, Citizens Bank obtained a temporary injunction and sued Jacoby on the note to Citizens Bank. The Oklahoma Court rendered judgment in favor of Citizens Bank on September 20, 2002. Plaintiff alleges that "as a result of Jacoby's default, the subject aircraft were repossessed by Citizens Bank. However, Daniels and Global Aviation still had access to the aircraft for the purpose of rebuilding them and making them airworthy."

Plaintiff alleges that after the planes were "repossessed" by Citizens Bank, beginning in May of 2001 through the fall of 2002, Daniels had numerous conversations with Jacoby, Davis, and Citizens Bank, in which these Defendants encouraged Plaintiffs to continue their work on rebuilding the aircraft so they could operate under the United States government contracts for which they were intended to be used. Plaintiff alleges that Defendant represented that Jacoby's issues with the bank loan would be resolved and any outstanding liens satisfied and released. Plaintiff alleges that in

reliance on these representations, Plaintiff continued to expend resources on rebuilding the planes. Citizens Bank then took physical possession of the airplanes and sold them.

Plaintiff alleges that around February 2003, Daniels realized that Davis' and Jacoby's representations and assurances to Daniels were untrue, and that Plaintiff in this case had been victimized by the fraudulent conduct of Jacoby, Davis, and Citizens Bank. Daniels alleges that this "realization" occurred after a series of telephone conversations between Daniels, Davis and Jacoby, when Jacoby informed Daniels that the loan funds obtained by use of the aircraft as collateral to Jacoby were not placed in a secure deposit account at Citizen's Bank as represented, but had been wired to an account outside the bank where the funds had been stolen. Plaintiff further alleges that Jacoby "made it clear" that he and Davis were working together and had been convinced by a third party to send the funds outside the bank. Additionally, Jacoby communicated that he was pursuing legal remedies that he felt would result in a judgment to recover the funds and resolve the note to Citizens Bank. Plaintiff asserts that it had no reason to believe that a fraud had been perpetrated until February 2003.

These events have also led to various lawsuits filed previous to the one now before the Court. As stated above, on May 23, 2001, Citizens Bank sued Jacoby, Global Aviation, and other defendants on the note in Tulsa County District Court located in Tulsa, Oklahoma. In that case, the Oklahoma State District Court granted a default judgment against Global Aviation and all the other corporate defendants as a sanction because of their refusal to comply with discovery requests. On March 5, 2002, Allied filed for Chapter 11 bankruptcy in Florida. Allied's Statement of Financial Affairs listed the Oklahoma lawsuit. In its disclosed assets, Allied did not list any claim of fraud, misrepresentation or conspiracy against any of the Defendants in this case. Citizens Bank filed a

Motion to Dismiss in that bankruptcy proceeding and Allied agreed to the dismissal with prejudice. In March 2003, Global Aviation sued Jacoby in Martin County, Florida, asserting breach of contract, fraud, and conspiracy in the inducement. That case was dismissed at the request of Global Aviation.

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56, a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *Commerce and Industry Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding whether a fact issue exists, the court "must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id*.

"[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The nonmovant may not rely on mere allegations in the pleadings. *Id*. Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308, 312 (5th Cir. 1995). Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based

upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. ANALYSIS

Remaining before the Court is Plaintiff's breach of contract claim against Randal Jacoby. *See* Amended Complaint at ¶¶ 27-28. The parties entered into a written Security Agreement regarding the two Hunter Hawk planes and their use as collateral for the loan. The Security Agreement provided that Citizens Bank was granted a security interest in the two planes in exchange for a loan to Randal Jacoby in the amount of $475,000. The Security Agreement provided that "[Plaintiff] will keep the property in [its] possession and will keep it in good repair . . . ." Defendants' Exhibit A-1. The Security Agreement also provided that if the parties to the Security Agreement failed to perform their duties under the Agreement, Citizens Bank could take possession of the planes. Plaintiff asserts that Jacoby breached various contracts when Citizens Bank sued to repossess the subject aircraft in May of 2001. While the Amended Complaint does not specify the contract allegedly breached, from the summary judgment evidence, it appears that the alleged breaches of contract encompass Jacoby's original March 1999 agreement with Global Aviation to invest in the two aircraft later repossessed, as well as any representations that might allegedly constitute a contract surrounding the terms of the Security Agreement.

Jacoby argues that Plaintiff's claims of breach of contract are barred by the relevant statutes of limitations. Defendant Jacoby offers various summary judgement evidence in support of his claim, including pleadings and discovery responses evidencing the date Plaintiff in this suit should have had or actually did have knowledge of the alleged breaches of contract by Jacoby. Defendant has

failed to file any responsive summary judgment evidence, and in fact, has failed to respond whatsoever. This leaves only Plaintiff's evidence for the Court's review.

In the companion suit to the one now before the Court, the Court requested that the parties address the issue of choice of law, as both parties had applied both Texas and Oklahoma law to the various causes of action and defenses. After an in-depth analysis, which the Court will not repeat here, the Court found that Oklahoma law applies. *See* Report and Recommendation at p. 13. Although the same reasoning applies to this suit, the Court finds that this analysis is not necessary here. The statutes of limitations for the two states differ – the Oklahoma statute of limitations for a contract claim is five years,[1] while the Texas statute of limitations is four years[2] – but regardless of which limitations the Court applies, all of Plaintiff's claims fail as they are outside both statutes of limitation.

Plaintiff filed its breach of contract claim against Jacoby on May 13, 2005. The alleged breaches of contract encompass Jacoby's original March 1999 agreement with Global Aviation to invest in the two aircraft later repossessed, as well as any representations that might allegedly constitute a contract surrounding the terms of the Security Agreement. With regard to claims surrounding the Security Agreement, the Security Agreement expressly provided that it could not be modified unless made in writing and signed by the parties. *See* Defendant's Motion to Dismiss Exhibit A-1, page 2 at ¶ 1. No summary judgment evidence has been submitted that the Security Agreement was modified in writing. Therefore, the only potential breach of contract claim before the Court is for a breach of the Security Agreement itself.

---

[1] 12 Okl. St. §95(A)(1).

[2] TEX. CIV. PRAC. & REM. CODE §16.03(a)(4).

Defendant Jacoby offers summary judgment evidence that is undisputed that the term of the Security Agreement was for a period of 90 days. *See* Exhibit A to Jacoby's Motion for Summary Judgment. On October 18, 1999, Mark Daniels wrote a letter to Jacoby stating that the 90 day term of the Agreement had ended, and giving him notice that Jacoby needed to pay off the note or substitute collateral with the bank to release both liens per the Security Agreement. *Id.* Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F .2d 436, 440 (5th Cir. 1982). In this case, Plaintiff has brought forth no evidence at all upon which the Court could base a finding that a fact issue exists. Thus, Defendant has offered uncontroverted evidence that Plaintiff knew or should have known that Jacoby breached the Security Agreement on this date, as Plaintiff was aware the term had expired and the lien had not been released.

Applying the four year Texas statute of limitations, Plaintiff should have filed any breach of contract claim no later than October of 2003. Applying that Oklahoma five year statute of limitations, Plaintiff should have filed any breach of contract claim in October of 2004. Instead, Plaintiff filed suit in May of 2005. Accordingly, the Court finds that Plaintiff's breach of contract claim is barred by the relevant statutes of limitations and this case should be dismissed.

## IV.  MOTION FOR SANCTIONS

In the companion motion for sanctions, Jacoby requests that the Court strike the Plaintiff's pleadings and dismiss this case, as a sanction for alleged discovery abuse. In light of the

recommendation that summary judgment be entered, this requests is moot. Accordingly, the Court will not separately address the discovery abuse alleged in the motion for sanctions.

## V. RECOMMENDATION

For the reasons set forth herein, the Court **RECOMMENDS** that Defendant Randal Jacoby's Motion for Summary Judgment (Clerk's Doc. No. 15) filed December 29, 2006, should be **GRANTED** and this cause of action should be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that Defendant Randal Jacoby's Motion for Sanctions (Clerk's Doc. No. 14) filed December 29, 2006, should be **DENIED AS MOOT**.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE